# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRENCE UPSHAW,       :
         Petitioner      :     CIVIL ACTION NO. 3:15-CV-0658
                      :     (Judge Nealon)
     v.               :
                      :
D. EBBERT, WARDEN,     :
         Respondent    :

## MEMORANDUM

On April 3, 2015, Petitioner, Terrence Upshaw, an inmate currently incarcerated at United States Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg") filed the above-captioned habeas corpus action pro se pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges the validity of a life sentence imposed on December 29, 1998, by the United States District Court for the Northern District of New York. (Id.). The sole Respondent is Warden, D. Ebbert. (Id.). Along with his petition, Upshaw filed a motion to proceed in forma pauperis. (Doc. 2). Subsequent to the filing of his motion to proceed in forma pauperis, Petitioner paid the filing fee. (Doc. 6). Petitioner challenges his convictions and sentence by arguing that the trial court lacked authority to convict and impose a sentence on Petitioner; he is innocent of the crimes for which he was convicted and sentenced; he received an "illegally high sentence;" his right to a grand jury indictment, trial by jury, and effective assistance of counsel was violated; and his right to due

process was violated.  (Doc. 1, pp. 8, 16-39).  For relief, Petitioner seeks the

issuance of a writ of habeas corpus.  (Id. at p. 8).

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be

promptly screened and are subject to summary dismissal pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts.[1]  Lucas

v. Ebbert, 2015 U.S. Dist. LEXIS 82064, at *3 (M.D. Pa. June 24, 2015)

(Conaboy, J.).  "A petition may be dismissed without review of an answer 'when

the petition is frivolous, or obviously lacking in merit, or where . . . the necessary

facts can be determined from the petition itself . . . ."  Belt v. Scism, 2010 U.S.

Dist. LEXIS 97052, at *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting Allen v. Perini,

---

1.    Rule 4 provides in pertinent part: "If it plainly appears from the face of the
      petition and any exhibits annexed to it that the petitioner is not entitled to
      relief in the district court, the judge shall make an order for its summary
      dismissal and cause the petitioner to be notified."  Habeas corpus petitions
      brought under section 2241 are subject to summary dismissal pursuant to
      Rule 4 of the Rules Governing Section 2254 Cases in the United States
      District Courts, 28 U.S.C. foll. § 2254 (1977), because of Rule 1(b) of those
      Rules, which provides that "[i]n applications for habeas corpus in cases not
      covered by [§ 2254], these rules may be applied at the discretion of the
      United States District Court."  This Court has long found Rule 4 applicable
      to habeas proceedings brought under section 2241, see, e.g., Heath v. Bell,
      448 F. Supp. 416, 417 (M.D. Pa. 1977) (Nealon, J.), and there is no sound
      reason not to apply Rule 4 in this case.  See Houston v. Sanders, 2015 U.S.
      Dist. LEXIS 40118, at *2 (M.D. Pa. Mar. 20, 2015) (Brann, J.) ("The Rules
      Governing Section 2254 Cases in the United States District Courts are
      applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.").

424 F.2d 134, 141 (6th Cir. 1970)). "The Allen court also stated that 'the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face.'" Thompson v. Warden, USP Allenwood, 2014 U.S. Dist. LEXIS 126956, at *2 (M.D. Pa. 2014) (Jones, J.) (quoting Allen, 424 F.2d at 141). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the above-captioned action will be dismissed without prejudice for lack of jurisdiction because Petitioner has failed to show that the procedure established by Congress in 28 U.S.C. § 2255 for asserting a collateral challenge to the validity of a sentence imposed by a federal court is inadequate or ineffective, the above-captioned action will be dismissed without prejudice for lack of jurisdiction.

## I.   **BACKGROUND**

The factual background has been derived from the petition itself and this Court's own research on PACER,[2] LEXIS, and Westlaw.

On January 30, 1998, a grand jury in the United States District Court for the Northern District of New York returned a two-count indictment against Petitioner,

---

2.     See PACER, Public Access to Court Electronic Records, https://pacer.login.
uscourts.gov.

charging him with engaging in a conspiracy to distribute an unspecified amount of cocaine base from 1993 to 1998, in violation of 21 U.S.C. § 846, and distributing an unspecified amount of cocaine base from November to December 1997, in violation of 21 U.S.C. § 841. <u>United States v. Upshaw</u>, 98-CR-0028, Doc. 10 (N.D.N.Y. filed Jan. 8, 1998). The indictment did not charge a specific amount of cocaine base. <u>See</u> <u>Id.</u>

Following a jury trial before the United States District Court for the Northern District of New York, Petitioner was convicted of both counts. <u>Id.</u> at Doc. 38. On December 29, 1998, Petitioner was sentenced to life in prison. <u>Id.</u> at Doc. 63. As part of the sentencing, the court determined that the drug quantity at issue was between fifty (50) grams and one and a half (1 ½) kilograms of "crack cocaine." <u>Id.</u>

Petitioner directly appealed the convictions to the United States Court of Appeals for the Second Circuit. <u>Id.</u> at Docs. 67, 91. On February 28, 2000, the Second Circuit denied his appeal. <u>Id.</u> at Doc. 91; <u>Upshaw v. United States</u>, 205 F.3d 1327 (2nd Cir. 2000).

On January 5, 2001, Petitioner filed an action pursuant to 28 U.S.C. § 2255(f)(1) in the United States District Court for the Northern District of New York. <u>United States v. Upshaw</u>, 98-CR-0028, Doc. 98; <u>Upshaw v. United States</u>,

3:01-CV-0033, Doc. 1 (N.D.N.Y. filed Jan. 5, 2001).  On April 11, 2001,

Petitioner's section 2255 motion was denied.  Upshaw v. United States, 3:01-CV-

0033, Doc. 6.  Petitioner appealed that decision to the United States Court of

Appeals for the Second Circuit.  Id. at Doc. 8.  On appeal, the Second Circuit

considered whether Apprendi v. New Jersey, 530 U.S. 466 (2000), constituted a

new rule of substantive or procedural constitutional law; and, if the latter, whether

Apprendi satisfied an exception under Teague v. Lane, 489 U.S. 288 (1989).

Uphsaw v. United States, 66 F. App'x 269 (2nd Cir. 2003).  On June 4, 2003, the

Second Circuit affirmed the district court and held that Apprendi does not apply

retroactively in the context of a motion filed pursuant to section 2255.  Id.  On

January 12, 2004, the Supreme Court of the United States then denied Petitioner's

writ of certiorari.  Upshaw v. United States, 540 U.S. 1128 (2004).

On August 18, 2004, Petitioner filed a motion pursuant to Federal Rule of

Civil Procedure 60(b) in the sentencing court, arguing that his convictions and

sentence were unconstitutional because the indictment and jury verdict did not

specify a drug quantity.  United States v. Upshaw, 98-CR-0028, Doc. 108.  On that

same date, the court denied the motion.  Id. at Doc. 109.  On August 10, 2005, the

Second Circuit affirmed the denial of Petitioner's motion.  Id. at Doc. 115.

On June 1, 2007, Petitioner filed a motion to vacate sentence in the

sentencing court, which was construed as an attempt by Petitioner to re-open and supplement his original motion to vacate pursuant to 28 U.S.C. § 2255. United States v. Upshaw, 98-CR-0028, Doc. 117; Upshaw v. United States, 1:07-CV-0575 (N.D.N.Y. filed July 6, 2007). On August 8, 2007, Petitioner's motion was denied. Upshaw v. United States, 2007 U.S. Dist. LEXIS 58246 (N.D.N.Y. 2007); United States v. Upshaw, 98-CR-0028, Doc. 120.

On March 5, 2012, the United States Court of Appeals for the Second Circuit issued a Mandate denying Petitioner's request for an order authorizing the United States District Court for the Northern District of New York to consider a second or successive 28 U.S.C. § 2255 motion. United States v. Upshaw, 98-CR-0028, Doc. 143. The Second Circuit stated that:

> Petitioner has failed to demonstrate that the claims in his proposed § 2255 motion are based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or newly discovered evidence within the meaning of § 2255(h).

Id. The Second Circuit continued by stating that:

> [t]o the extent that Petitioner's motion cites to the Supreme Court's decisions in United States v. O'Brien, 130 S. Ct. 2169 (2010), and DePierre v. United States, 131 S. Ct. 2225 (2011), his reliance on those cases is unavailing because they do not set forth a new rule of constitutional law made retroactive to cases on collateral review.

United States v. Upshaw, 98-CR-0028, Doc. 143.

On June 11, 2012, Petitioner filed another motion to vacate pursuant to section 2255 in the sentencing court. Id. at Doc. 144. On June 12, 2012, the United States District Court for the Northern District of New York issued a text order denying Petitioner's motion because it was an unauthorized successive motion under section 2255 and DePierre v. United States, 131 S. Ct. 2225 (2011), does not apply retroactively. Id. On June 22, 2012, Petitioner appealed the district court's text order to the United States Court of Appeals for the Second Circuit. Id. at Doc. 145. On September 7, 2012, the Second Circuit issued a Mandate dismissing Petitioner's appeal. Id. at Doc. 147.

On October 5, 2012, Petitioner filed a motion to dismiss his conviction in the sentencing court. Id. at Doc. 148. On October 9, 2012, the court denied that motion as an unauthorized successive motion under section 2255. Id. at Doc. 149. On October 19, 2012, Petitioner appealed the denial of his motion to dismiss conviction to the Second Circuit. Id. at Doc. 150. On June 10, 2013, the Second Circuit issued a Mandate dismissing Petitioner's appeal. Id. at Doc. 155.

On August 15, 2013, Petitioner filed a motion for relief from judgment in the sentencing court. Id. at Doc. 156. On November 15, 2013, the United States District Court for the Northern District of New York issued an order dismissing

Petitioner's motion.  United States v. Upshaw, 98-CR-0028, Doc. 163.  On

December 9, 2013, Petitioner appealed the dismissal of his motion to the United

States Court of Appeals for the Second Circuit.  Id. at Doc. 164.  On January 30,

2015, the Second Circuit issued a Mandate dismissing Petitioner's appeal.  Id. at

Doc. 168.

On July 28, 2014, Petitioner filed a writ of habeas corpus pursuant to 28

U.S.C. § 2241 and motion seeking leave to file a successive petition with the

United States Court of Appeals for the Second Circuit.  Upshaw v. United States,

14-2662, Docs. 1, 2 (2d Cir. filed Aug. 25, 2014).  On August 25, 2014, the

Second Circuit issued an order denying Petitioner's motion for leave to file a 28

U.S.C. § 2241 petition in the United States District Court for the Northern District

of New York as "unnecessary because leave is not required for the filing of a §

2241 petition."  Id. at Doc. 17.  The Second Circuit went on to state that "[t]o the

extent that Petitioner's challenge to his conviction and sentence may be construed

as a motion for leave to file a successive § 2255 motion, it is hereby ORDERED

that the motion is DENIED, because Petitioner has not satisfied the criteria set

forth in 28 U.S.C. § 2255(h)."  Id.  Specifically, the Second Circuit found that

"Petitioner does not rely on any newly discovered evidence or new rule of law

within the meaning of § 2255(h)."  Id.  The order also declined to "transfer the

proposed § 2241 petition to the district court, however, because 'it is plain on the existing record that [Petitioner] cannot demonstrate actual innocence.'" Upshaw v. United States, 14-2662, Doc. 17 (quoting Cephas v. Nash, 328 F.3d 98, 100 (2d Cir. 2003)). The Second Circuit went on to state that "[a]lthough Petitioner argues that his conduct was decriminalized by Persaud v. United States, 134 S. Ct. 1023 (2014), Burrage v. United States, 134 S. Ct. 881 (2014), Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), and DePierre v. United States, 131 S. Ct. 2225 (2011), none of these cases supports this contention." Id.

On April 3, 2015, Petitioner filed the above-captioned action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner argues that 28 U.S.C. § 2255 "is not available to him," and "is inadequate and ineffective to test the legality of [his] detention." (Id. at p. 9). He claims that section 2255 is inadequate because, first, his sentence and conviction are erroneous under the "Supreme Court's Constitutional rule in Alleyne v. United States, 133 S. Ct. 2151 (2013); and the statutory rule in Burrage v. United Sates, 134 S. Ct. [] (2014)." (Id. at p. 15). According to Petitioner, "[t]his claim was foreclosed by Circuit precedent at the time of Petitioner's direct appeal and initial Section 2255 motion." (Id.). Second, Petitioner argues that section 2255 is inadequate because "a second or successive Section 2255 motion is not available" since "the Supreme

Court did not make <u>Alleyne</u> and <u>Burrage</u> retroactive to cases on collateral review." (Doc. 1, p. 15). Lastly, Petitioner argues that section 2255 is inadequate because a "fundamental error" occurred in his criminal proceedings. (<u>Id.</u>). Specifically, Petitioner claims that the "imposition of a statutory mandatory minimum sentence based on a legal error is cognizable under 28 U.S.C. § 2255(e)." (<u>Id.</u>).

Petitioner also claims that his rights to a grand jury indictment, trial by jury and effective assistance of counsel were violated. (<u>Id.</u> at pp. 22-23). In regards to his claim regarding the grand jury indictment, Petitioner states that "[u]nder the Fifth Amendment, a defendant has a 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" (<u>Id.</u>) (quoting <u>United States v. Miller</u>, 471 U.S. 130, 140 (1985)). Thus, Petitioner concludes, "[a]n indictment that does not set out all of the essential elements of the offense charged is defective." (<u>Id.</u>) (citing <u>Miller</u>, 471 U.S. at 143). Petitioner argues that "[t]he error here is the lack of congruence or consistency between, on the one hand, the crime charged in the indictment and found by the jury and, on the other, the crime for which the defendant was sentenced." (<u>Id.</u> at p. 23). Thus, Petitioner is claiming that the charging indictment did not provide him with the knowledge of the elements of the substantive offenses for which he was being charged. (<u>Id.</u> at p. 24). According to Petitioner, "it is possible to view the consequences of this

error" two ways.  (Doc. 1, p. 23).  First, "he was improperly sentenced to a greater penalty than the one authorized by congress for the crime of which he was justly convicted."  (Id.).  Second, "he was improperly convicted, because the crime of conviction was not fully alleged in the indictment and found by the jury."  (Id.).  In regards to the second option, Petitioner claims that:

> an indictment's failure to state the "specific offense" which corresponds with the legally prescribed range of penalties within the sentencer's discretion should he be found guilty, constitutes a failure to properly frame the proceedings which followed-i.e., the indictment did not provide the defendant with knowledge of the elements of the substantive offenses(s) for which he would be punished, nor the legally prescribed range of penalties to which he was "exposed."

(Id. at p. 26).  According to Petitioner, "[s]uch an error is structured in nature." (Id.).

Petitioner then claims that his right to a jury trial under the Sixth Amendment to the United States Constitution was violated.  (Id. at pp. 27-29). Although not explicitly stated, Petitioner alludes to a Sixth Amendment claim through his allegation that the jury did not find every element of the crimes for which he was convicted and sentenced beyond a reasonable doubt.  (Id.).

Petitioner also raises a claim for the violation of his Sixth Amendment "right to 'assistance of counsel for his defense.'"  (Id. at p. 29).  Petitioner states

that "[a] habeas petition based on a deprivation of counsel theory may proceed along two separate paths." (Doc. 1, p. 29). "The first considers whether the state has committed a structural error, requiring a <u>per se</u> finding of prejudice without further inquiry." (<u>Id.</u>). "The second path considers whether the State has committed error that, while not per se prejudicial, nonetheless prejudiced the result of the proceeding under the particular facts before the court." (<u>Id.</u> at p. 30).

Petitioner contends that he "received critically incorrect legal advice" when his attorney advised him that "the core crime and aggravated crime was one of the same." (<u>Id.</u>). According to Petitioner, "[t]he fact that his lawyer acted in good-faith reliance on existing precedent does not mitigate the impact of the erroneous advice." (<u>Id.</u>). Further, Petitioner claims that he did not have "actual assistance from counsel to 'decide whether to challenge the sufficiency of the Government's case or pursue plea negotiations.'" (<u>Id.</u>) (quoting <u>United States v. Cronic</u>, 466 U.S. 648 (1984)).

Petitioner also argues that it was error when the sentencing court "erroneously sentenced the [him] to an aggravated crime." (<u>Id.</u> at p. 32). He claims that "[t]he imposition of a mandatory minimum term based on legal error significantly affects a defendant's liberty interests in a way that implicates due process." (<u>Id.</u>). According to Petitioner:

the state of law at the time of Petitioner's trial, sentencing,
direct appeal, and initial collateral attack under section 2255,
the prevailing misunderstanding about what facts are elements
and/or what facts trigger the mandatory minimum and
maximum sentence for the relevant charging statute(s) (the
offense of conviction) that Congress regarded as not serious
enough to be considered "an aggravated offense" to justify a
significant increase in the federal mandatory minimum term.

(Doc. 1, pp. 32-33).  Petitioner continues by arguing that:

[g]iven the foreclosure of Petitioner's sentencing argument at
the time of sentencing and direct appeal, and the advent of the
Supreme Court's decisions after his first section 2255 motion,
habeas relief under the Savings Clause is available to him in
the instant case.

(Id.).

Petitioner also claims that his right to due process was violated when he was

sentenced for a "crime which he was neither charged nor convicted."  (Id. at p.

35).  He argues that the holding in Burrage v. United States, 134 S. Ct. 881 (2014),

allows for the conclusion that Petitioner "was charged under § 841(a)(1), but, in

effect, convicted and sentenced under § 841(b)(1)(A) or (b)(1)(B)."  (Id.).  Thus,

"under Burrage," he argues that he was sentenced for a separate and distinct crime,

"for which he was neither charged nor convicted."  (Id.).  Petitioner claims that

"[i]t is inherently prejudicial for a defendant to be sentenced for a crime which he

was neither charged nor convicted."  (Id.) (citing United States v. Lara-Ruiz, 721

13

F.3d 554 (8th Cir. 2013)).

Additionally, Petitioner argues that pursuant to Fiore v. White, 531 U.S. 225, 228 (2001):

> [t]he Court's interpretation of the proof required must be applied on collateral review to prevent a violation of the Due Process Clause, which guards against convicting a defendant without proof beyond a reasonable doubt on each element of his crime.

(Doc. 1, p. 36) (citing Fiore, 531 U.S. at 228-29). According to Petitioner:

> [t]he Fiore Court recognized the "simple, inevitable conclusion" that it violates due process to refuse a defendant the benefit of clarifying interpretation of the law in effect at the time of his conviction, even if the judicial clarification did not occur until well after the defendant's conviction was final.

(Id.). Citing to Bunkley v. Florida, 123 S. Ct. 2020 (2003), Petitioner claims that:

> [t]he Court reconfirmed that, when a later judicial decision interpreting a statute's elements does not amount to an outright "change" in the law, but stands instead as a correct statement of substantive law as of the time a defendant's conviction became final, post-conviction relief, is required without regard to retroactivity.

(Id.) (citing Bunkley, 123 S. Ct. at 2023). According to Petitioner, Bunkley and Fiore "offer an additional reason to require the correction of federal sentences in § 2255(e) proceedings, based on the clarifying interpretations of the elements of § 841 announced since Petitioner's conviction." (Id.).

Petitioner also claims that "[w]hile it is true that the jury in this case made findings sufficient to sustain a § 841(a)(1) verdict under a 'beyond-a-reasonable-doubt' standard, it did not so find as to the amount of drugs under any other provision of § 841(b)." (Doc. 1, p. 38). According to Petitioner, "[i]t is this defect, that the Petitioner has not been given an opportunity to raise in a Section 2255 motion." (Id.). Petitioner argues that "[t]he Due Process Clause requires that the prosecution persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish all elements of the offense." (Id.) (citing <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 277-78 (1993)).

## II. <u>DISCUSSION</u>

"Federal prisoner seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255." <u>Bouyea v. Baltazar</u>, 2015 U.S. Dist. LEXIS 64514, at *5 (M.D. Pa. May 18, 2015) (Kosik, J.) (citing 28 U.S.C. § 2255(e)). Pursuant to 28 U.S.C. § 2255(e):

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his

detention.

The United States Court of Appeals for the Third Circuit has "observed that '[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.'" Bouyea, 2015 U.S. Dist. LEXIS 64514, at *6 (quoting Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974))). However, a "second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); Okereke, 307 F.3d at 120) (explaining that this exception is extremely narrow). Thus, a district court is prohibited from "entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion

is 'inadequate or ineffective.'" Bouyea, 2015 U.S. Dist. LEXIS 64514, at *6

(citing Okereke, 307 F.3d at 120). Section 2255 "is not inadequate or ineffective

merely because the sentencing court has previously denied relief." Id. (citing In re

Dorsainvil, 119 F.3d 245, 251). Moreover, section 2255 is not inadequate because

"the one-year statute of limitations has expired, or the petitioner is unable to meet

the stringent gatekeeping requirements of the amended § 2255.'" Potts v. Ebbert,

2012 U.S. Dist. LEXIS 140094, at *14-15 (M.D. Pa. 2012) (Caputo, J.) (citing

Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "Nor is §

2255 'inadequate or ineffective simply because [the Petitioner] is prevented by the

gatekeeping requirements from litigating his present claims.'" Id. at *15 (quoting

Brown v. Martinez, 441 F. App.'x 852, 853 (3d Cir. 2011)).

"Rather, only when a prisoner is in the unusual position of having no earlier

opportunity to challenge his conviction or 'is being detained on conduct that has

subsequently been rendered non-criminal by an intervening Supreme Court

decision' is Section 2255 'ineffective' for purposes of providing collateral relief."

Bouyea, 2015 U.S. Dist. LEXIS 64514, at *6 (quoting Dorsainvil, 119 F.3d at

251-52). Thus, "[t]he Court would have jurisdiction over a § 2241 petition, if the

petitioner demonstrates: '(1) his "actual innocence," (2) as a result of a retroactive

change in substantive law that negates the criminality of his conduct, (3) for which

he had no other opportunity to seek judicial review.'" Lane v. Fed. Bureau of Prisons, 2015 U.S. Dist. LEXIS 66666, at *4-5 (M.D. Pa. May 21, 2015) (quoting White v. Zickefoose, 2010 U.S. Dist. LEXIS 25931, at *3 (D.N.J. 2010)). Actual innocence "'means "factual innocence, not mere legal insufficiency."'" Long v. Warden Def. Corr. Inst. Fairton, 2015 U.S. App. LEXIS 7147, at *4 (3d Cir. Apr. 30, 2015) (per curiam) (quoting Sweger v. Chesney, 294 F.3d 506, 522-23 (3d Cir. 2002)). "This safety valve language in Section 2255(e) has been strictly construed." Bouyea, 2015 U.S. Dist. LEXIS 64514, at *6 (citing Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).

"The burden of proving that a § 2255 petition would be inadequate or ineffective lies on the petitioner." Potts, 2012 U.S. Dist. LEXIS 140094, at *15 (citing Rhines v. Ebbert, 2012 U.S. Dist. LEXIS 100592, at *5 (M.D. Pa. 2012) (Nealon, J.)). "If a petitioner who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition." Santos v. United States, 2010 U.S. Dist. LEXIS 2493, at *7 (M.D. Pa. 2010) (Caputo, J.) (citing Application of Galante, 437 F.2d at 1165; Hill v. Williamson, 223 F. App'x 179, 180 (3d Cir. 2007) (per curiam)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255.  Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.).  Further, "[t]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." Thai v. Thomas, 2014 U.S. Dist. LEXIS 109242, at *4 (M.D. Pa. 2014) (Munley, J.), aff'd, Thai v. Warden Lewisburg USP, 2015 U.S. App. LEXIS 5729 (Apr. 9, 2015) (per curiam).

Petitioner attempts to utilize section 2241 to challenge his convictions and sentence.  See (Doc. 1).  Consequently, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced.  See 28 U.S.C. § 2255(e).  Accordingly, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. § 2241, as is the case here, the habeas petition must be dismissed for lack of jurisdiction unless an exception applies. Application of Galante, 437 F.2d at 1165.

As noted above, the sole exception allowing federal prisoners to pursue section 2241 relief is when the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  The claimed inadequacy or ineffectiveness of section 2255 must be a "limitation of scope or procedure" that "would prevent a § 2255 proceeding from affording" the petitioner

"a full hearing and adjudication of his wrongful detention claim." <u>Okereke</u>, 307 F.3d at 120.

Petitioner challenges his sentence and convictions on several grounds, and in support of these arguments, cites to a number of cases from a number of jurisdictions. <u>See</u> (Doc. 1, pp. 11-39). Petitioner contends that his section 2241 is proper because a section 2255 motion is inadequate or ineffective under <u>Dorsainvil</u> to raise such grounds for relief. <u>See</u> (<u>Id.</u> at pp. 11-15). According to Petitioner, a section 2255 motion is inadequate or ineffective because, <u>inter alia</u>, "the Supreme Court did not make <u>Alleyne</u> and <u>Burrage</u> retroactive to cases on collateral review." (<u>Id.</u> at p. 15). "Thus," Petitioner concludes, "Section 2241 is the only procedural avenue available to raise an <u>Alleyne</u> and <u>Burrage</u> claim." (<u>Id.</u>).

However, the holding in <u>Dorsainvil</u> does not benefit Petitioner in that he does not claim that he was convicted for conduct that has now been found non-criminal. As noted above, Petitioner advances a number of arguments challenging his conviction and sentence based on the premise that the drug quantity at issue was determined by the sentencing court and not the jury. <u>See</u> (<u>Id.</u> at pp. 15-22). Petitioner also argues that the grand jury indictment was constitutionally insufficient, he received ineffective assistance of counsel, the sentence imposed

was based on legal error, and his right to due process was violated.  See  (Doc. 1, pp. 22-39).

However, Petitioner has failed to present any facts or claims suggesting that he was not involved in the underlying criminal activity which led to the convictions and sentence at issue.  Thus, Petitioner's sentencing related claims ultimately have nothing to do with the question of Petitioner's actual guilt or innocence.  Rather, despite his claim that he is innocent, Petitioner's claims concern the proper roles of the judge and jury regarding the determination as to the amount of cocaine base involved in his offences and the related effect on his sentence.  Innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective.  Brown v. Bledsoe, 2012 U.S. Dist. LEXIS 3229, at *22 (M.D. Pa. 2012) (Nealon, J.) (citing Pryce v. Scism, 2011 U.S. Dist. LEXIS 1171, at *11 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy

afforded by section 2255 would be inadequate or ineffective); see Bouyea, 2015

U.S. Dist. LEXIS 64514, at *9 (citing Dorsainvil, 119 F.3d at 251-52; Okereke,

307 F.3d at 120). "In other words, if a subsequent change in the law alters only an

element of sentencing but not the underlying crime of conviction, Section 2241

offers no remedy." Bouyea, 2015 U.S. Dist. LEXIS 64514, at *9 (citing Okereke,

307 F.3d at 120).

Furthermore:

> for a challenge to a federal conviction to be presented by a
> federal inmate by way of a § 2241 petition, there must not only
> be a "claim of actual innocence but a claim of actual innocence
> coupled with the inability to have brought the claim before
> because of a change in the construction of the criminal statute
> by a court having the last word on the proper construction of
> the statute, which change rendered what had been thought to be
> criminal within the ambit of the statute, no longer criminal."

Martinez v. Oddo, 2015 U.S. Dist. LEXIS 97904, at *6 (M.D. Pa. Jul. 28 2015)

(Brann, J.) (citing Pollard v. Yost, 2008 U.S. Dist. LEXIS 113065 (W.D. Pa.

2008)). In this matter, Petitioner does not establish that the crimes for which he

was convicted have been rendered non-criminal. Specifically, the cases relied

upon by Petitioner fail to establish that section 2241 is the appropriate avenue to

obtain the requested relief because they do reflect a change in the law that

rendered what had been thought to be criminal, no longer criminal. See (Doc. 1,

pp. 15-39) (Petitioner cites to the following cases, <u>inter alia</u>, in support of his claims: <u>Burrage</u>, 134 S. Ct. 881; <u>Moncrieffe</u>, 133 S. Ct. 1678; <u>Alleyne</u>, 133 S. Ct. 2151; <u>DePierre</u>, 131 S. Ct. 2225; <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); <u>Bunkley</u>, 123 S. Ct. 2020; <u>Fiore</u>, 531 U.S. 225; <u>Apprendi</u>, 530 U.S. 466; and <u>Jones v. United States</u>, 526 U.S. 227 (1999)).  Petitioner's failure to: 1) articulate any facts disputing the trial court's determination as to drug quantity, and 2) cite to any cases evidencing a change that rendered what had been thought to be criminal within the ambit of the statute, no longer criminal, makes his reliance on <u>Dorsainvil</u> misguided.  Accordingly, based on the foregoing, the limited <u>Dorsainvil</u> exception is inapplicable, and section 2241 relief is not available.

Moreover, Petitioner's reliance on <u>Apprendi</u> and its progeny[3] also fail

_____

3.    Throughout his petition, Petitioner cites to a number of cases that have followed the Supreme Court's ruling in <u>Apprendi</u>.  Specifically, Petitioner cites to the following: <u>DePierre v. United States</u>, 131 S. Ct. 2225 (2011); <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013); and <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014).  However, like <u>Apprendi</u>, these cases have not been given retroactive application.  <u>Yates v. Bledsoe</u>, 501 F. App'x 111, 115 (3d Cir. 2012) (per curiam) (<u>DePierre</u> has not "been held retroactively applicable."); <u>Thai v. Warden Lewisburg USP</u>, 2015 U.S. Dist. LEXIS 5729, at *3 (3d Cir. Apr. 9, 2015) (discussing the Second Circuit Court of Appeals' finding that <u>Burrage</u> does not apply retroactively); <u>Thai</u>, 2014 U.S. Dist. LEXIS 109242, at *5-6 (quoting <u>Sacksith v. Warden Canaan USP</u>, 552 F. App'x 108, 109 (3d Cir. 2014) (per curiam) (<u>Alleyne</u> claims treated the same as <u>Apprendi</u> claims).

because the Supreme Court has not determined that these cases have retroactive application. "A review of both Jones and Apprendi reveals that there is no indication that either decision was determined to have retroactive effect." Chambers v. Rozum, 2006 U.S. Dist. LEXIS 77999, at *9 (M.D. Pa. 2006) (Conaboy, J.). Further, the Third Circuit has found that the substance of the law subsequent to Jones did not change, rather the procedure changed. Abed v. Bledsoe, 473 F. App'x 106, 108 (3d Cir. 2012) (per curiam) (quoting Jones, 526 U.S. 227). "Moreover, the Court of Appeals for the Third Circuit, relying on [Tyler v. Cain, 53 U.S. 656 (2001)], has similarly recognized that no Supreme Court case specifically holds that Apprendi is retroactive on collateral review." Chambers v. Rozum, 2006 U.S. Dist. LEXIS 77999, at *9 (citing In re Turner, 267 F.3d 225, 231 (3d Cir. 2001); Reaves v. Warden, 2002 U.S. Dist. LEXIS 6280 (M.D. Pa. 2002) (Conaboy, J.); Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2000)). Also, in regards to Apprendi claims, the Third Circuit has held that "§ 2255 is not inadequate or ineffective to raise an Apprendi claim." Largo v. Bailey, 67 F. App'x 730, 732 (3d Cir. 2003) (citing Okereke, 307 F.3d at 121); Gardner v. Thomas, 2014 U.S. Dist. LEXIS 122136, at *7 (M.D. Pa. 2014) (Munley, J.) ("[t]he Third Circuit Court of Appeals has held that Apprendi claims must be brought under section 2255.") (citing Okereke, 307 F.3d at 120-21).

24

To the extent that he attempts to rely on Booker and Blakely, Petitioner fails to establish that section 2255 is inadequate or ineffective. Similar to Apprendi, Booker "does not apply retroactively to cases on collateral review." Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005) (citing Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)); see Davis v. U.S. Congress, 179 F. App'x 843, 845 n.2 (3d Cir. 2006) (the petitioner's "Blakely/Booker claim also falls outside the 'safety-valve' provision of § 2255, because neither Blakely nor Booker de-criminalized the conduct underlying [the petitioner's] convictions.") (citing Okereke, 307 F.3d at 120).

Additionally, Petitioner cites to a number of cases that predate his conviction, sentence, direct appeal, and/or initial section 2255 motion. To the extent that Petitioner is attempting to rely on those cases to obtain relief under section 2241, Petitioner is not one who "had no earlier opportunity" to raise those cases in support of his appeal and/or first section 2255 motion. Furthermore, those cases do not constitute an intervening change in law. Thus, to the extent that any of these cases were not raised in the sentencing court, they clearly could have been

raised when Petitioner sought section 2255 relief.  <u>Bouyea</u>, 2015 U.S. Dist. LEXIS 64514, at *11.

Additionally, it is noted that section 2255 is not inadequate or ineffective merely because Petitioner's prior requests for relief have been denied or because a petitioner is unable to meet the gatekeeping requirements of section 2255. <u>Dorsainvil</u>, 119 F.3d at 251.  Rather, Petitioner's lack of success merely demonstrates that the remedy was available to Petitioner, but that he was unsuccessful or that he had a personal inability to use the remedy.  Therefore, the denial of his section 2255 motions and his request to filed with the United States Court of Appeals to file a second or successive section 2255 motion does not permit Petitioner to now pursue habeas relief under 28 U.S.C. § 2241.  <u>See</u> <u>Robinson v. Thomas</u>, 2015 U.S. Dist. LEXIS 88371, at *8 (M.D. Pa. 2013) (Caputo, J.) (the petitioner's lack of success to obtain permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive section 2255 petition does not demonstrate that section 2255 is inadequate or ineffective) (citing <u>Okereke</u>, 307 F.3d 117).

Finally, it is noteworthy that the arguments presented in Petitioner's July 28, 2014, filing with the United States Court of Appeals for the Second Circuit, are similar to those presently at issue.  <u>Compare</u> (Doc. 1) <u>with</u> <u>Upshaw v. United</u>

States, 14-2662, Docs. 1, 2. There, Petitioner filed a motion for leave to file a 28 U.S.C. § 2241 petition in the Northern District of New York. Upshaw v. United States, 14-2662, Docs. 1, 2. In his petition, Petitioner argued, inter alia, that Persaud v. United States, 134 S. Ct. 1023 (2014), Burrage v. United States, 134 S. Ct. 881 (2014), Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), and DePierre v. United States, 131 S. Ct. 2225 (2011), supported his claim for relief. Id. at Doc. 1, pp. 9-15. On August 25, 2014, the Second Circuit issued an order denying Petitioner's motion for leave to file a 28 U.S.C. § 2241 petition as "unnecessary because leave is not required for the filing of a § 2241 petition." Id. at Doc. 17. The Second Circuit went on to state that "[t]o the extent that Petitioner's challenge to his conviction and sentence may be construed as a motion for leave to file a successive § 2255 motion, it is hereby ORDERED that the motion is DENIED, because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h)." Id. Specifically, the Second Circuit found that "Petitioner does not rely on any newly discovered evidence or new rule of law within the meaning of § 2255(h)." Id. The Second Circuit's order also declined to "transfer the proposed § 2241 petition to the district court, however, because 'it is plain on the existing record that [Petitioner] cannot demonstrate actual innocence.'" Id. (quoting Cephas v. Nash, 328 F.3d 98, 100 (2d Cir. 2003)). The Second Circuit also stated that:

27

> [a]lthough Petitioner argues that his conduct was decriminalized by <u>Persaud v. United States</u>, 134 S. Ct. 1023 (2014), <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014), <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678 (2013), and <u>DePierre v. United States</u>, 131 S. Ct. 2225 (2011), none of these cases supports this contention.

<u>Upshaw v. United States</u>, 14-2662, Doc. 17.

## III.   <u>CONCLUSION</u>

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction.  <u>Application of Galante</u>, 437 F.2d at 1165.  For the reasons set forth above, this Court lacks jurisdiction to consider the petition under section 2241 because Petitioner has failed to show that section 2255 is inadequate or ineffective to challenge his conviction and sentence. Instead, the petition is more appropriately characterized as a second or successive motion under section 2255, which Petitioner has not received authorization to file, and over which this court lacks jurisdiction.

Furthermore, it is determined that it is not in the interest of justice to transfer this petition to the United States Court of Appeals for the Second Circuit. Petitioner has requested permission from the United States Court of Appeals for

the Second Circuit to file a second or successive 2255 motion prior to the filing of the above captioned action. That request relied on similar grounds to those presented in the instant petition, and was denied by the Second Circuit. Moreover, the Second Circuit also declined to transfer the proposed section 2241 petition to the district court, because "'it is plain on the existing record that [Petitioner] cannot demonstrate actual innocence.'" Upshaw v. United States, 14-2662, Doc. 17. As a result, it would not be in the interest of justice to transfer this petition to the Second Circuit. However, the Court's decision not to transfer this case to the Second Circuit does not prevent petitioner from seeking leave from the Second Circuit to file a second or successive section 2255 motion.

Based on the foregoing, it is determined that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice for lack of jurisdiction, and it is not in the interests of justice to transfer this petition to the Second Circuit as a request to file a second or successive section 2255 motion.

A separate Order will be issued.


Date: August 24, 2015                              /s/ William J. Nealon_____
                                                   **United States District Judge**