UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE UPSHAW, | : | |
|     Petitioner | : | CIVIL ACTION NO. 3:15-CV-0658 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| D. EBBERT, WARDEN, | : | |
|     Respondent | : | |

## **MEMORANDUM**

**I.**     **BACKGROUND**

On April 3, 2015, Petitioner, Terrence Upshaw, a federal inmate currently incarcerated at United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1). On August 24, 2015, the petition was dismissed for lack of jurisdiction and without prejudice to Petitioner requesting leave to file a second or successive section 2255 motion with the United States Court of Appeals for the Second Circuit. (Docs. 8, 9). On September 8, 2015, Petitioner filed a notice of appeal. (Doc. 10). On February 16, 2016, the United States Court of Appeals for the Third Circuit affirmed this Court's August 24, 2015 Memorandum and Order. (Doc. 14). On February 24, 2016, Petitioner filed an action to obtain relief from judgment or order pursuant to Federal Rule of Civil Procedure 60. (Doc. 15). On March 28, 2016, the Third Circuit issued its Mandate in this matter. (Doc. 16). For the

reasons stated below, Petitioner's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60 will be denied.

## II. DISCUSSION

"Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category 'any other reason justifying relief from the operation of the judgment' . . . ." Silfies v. Walsh, 2013 U.S. Dist. LEXIS 84503, at *4 (M.D. Pa. June 17, 2013) (Kane, J.) (quoting Fed. R. Civ. P. 60(b)(6)). A Rule 60 motion must be "brought 'within a reasonable time,' . . . and requires a showing of 'extraordinary circumstances.'" Id. (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). Further, as for Rule 60(b)(6) motions, "'courts are to dispense their broad powers under [Rule] 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

Petitioner states that he "would like to bring to this Court's attention after the filing of his pending petition, and all relevant related documents, [p]ertinent case law which should be considered but would otherwise escape attention, and offers an unique perspective." (Doc. 15, p. 4). According to Petitioner, "[u]nder

2

the facts of this case, the Court may be persuaded by the recent United States Supreme [C]ourt decision in Montgomery v. Louisiana, No. 14-230 (Jan. 25, 2016), holding that its prior decision in Miller v. Alabama, 567 U.S. ___ (2012), is retroactive to cases on collateral review." (Id.). Petitioner continues by stating that in Montgomery the Supreme Court of the United States also "clarified [its] analysis in Teague v. Lane, 489 U.S. 258 (1989); that a new rule of constitutional dimension may have both procedural and substantive components, and both must be given due consideration; and that a new rule may be substantive even where it affects only the sentence and does not upset the conviction." (Doc. 15, p. 4). "In sum," Petitioner claims, "Montgomery supports that this Court clearly has the authority to reach the merits of Petitioner's claims." (Id.).

The first question presented by Petitioner's motion is whether that filing should be considered a second or successive habeas petition or a genuine Rule 60(b) motion for relief from judgment. Riley v. Myers, 2014 U.S. Dist. LEXIS 60639, at *12 (M.D. Pa. May 1, 2014) (Conaboy, J.) (citing Burton v. Stewart, 549 U.S. 147, 157 (2007); Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004)). "The question whether the Rule 60 motion is second or successive is close." United States v. Doe, 801 F.3d 132, 151 (3d Cir. 2015). "A determination that the Rule 60(b) motion was in essence a successive habeas petition means that under

3

AEDPA the District Court did not have jurisdiction to entertain the motion because the Court had not authorized [the petitioner] to file a successive habeas petition." Pridgen, 380 F.3d at 725 (citing 28 U.S.C. § 2244(b)); see Parham v. Klem, 496 F. App'x 181, 184 (3d Cir. 2012). "The fundamental point of 60(b) is that it provides a grand reservoir of equitable power to do justice in a particular case." Cox, 757 F.3d at 122 (internal quotation marks omitted). "[C]ourts are to dispense their broad powers under 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Id. at 120. "And just as 'we have not embraced any categorical rule that a change in decisional law is never an adequate basis for Rule 60(b)(6) relief,' [Cox, 757 F.3d] at 121, it would be nonsensical to hold as a categorical matter that a person with constitutionally adequate counsel can never qualify for Rule 60(b) relief." Doe, 810 F.3d at 152. "But a change in decisional law, without more, is not enough to warrant Rule 60 relief." Id. (citing Cox, 757 F.3d at 115).

Notably, in Gonzalez v. Crosby, 545 U.S. 524 (2005), the United States Supreme Court "held that a 60(b) motion should be treated as a second or successive habeas petition if it 'seeks vindication' of a 'claim.'" Parham, 496 F. App'x at 184 (Gonzalez, 545 U.S. at 531). The Supreme Court "defined a 'claim' in this context as 'an asserted federal basis for relief from a state court's judgment

4

of conviction.'" Parham, 496 F. App'x at 184 (quoting Gonzalez, 545 U.S. at 530). Importantly, however, the Supreme Court went on to state that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzalez, 545 U.S. at 532 n.4. Also, "[w]hen '"no claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application.'" Allen v. Walsh, 2013 U.S. Dist. LEXIS 49688, at *9, adopted by, 2013 U.S. Dist. LEXIS 48714 (W.D. Pa. Apr. 4, 2013) (quoting Gonzalez, 545 U.S. at 533).

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') specifically references and sets forth the procedure by which a prisoner may challenge his conviction on the basis of a 'new rule of constitutional law' in §§ 2244(b)(2)(A) and 2255(h)(2)." Hernandez v. United States, 2015 U.S. Dist. LEXIS 93849, at *6-7 (D.N.J. July 20, 2015). Here, Petitioner's section 2241 petition was dismissed because this Court lacked jurisdiction because Petitioner failed to show that section 2255 was an inadequate or ineffective mechanism for challenging the validity of his sentence. See Upshaw v. Ebbert, 2015 U.S. Dist. LEXIS 111462 (M.D. Pa. Aug. 24, 2015) (Nealon, J.), aff'd, 634 F. App'x 357 (3d

5

Cir. 2016).

Petitioner argues in the instant motion that the section 2241 habeas petition filed in this action was improperly denied. See (Doc. 15). As stated above, according to Petitioner, this Court can now properly consider the merits of his claims because of recent Supreme Court case law that has been made retroactive to cases on collateral review. (Id. at p. 4) (citing Montgomery v. Louisiana, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016); Miller v. Alabama, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). However, this contention renders Petitioner's instant motion a successive petition under 2255.

Specifically, "a change of law does not convert Petitioner's filing into a permissible motion for reconsideration under the Federal Rules of Civil Procedure." Hernandez, 2015 U.S. Dist. LEXIS 93849, at *6 (citing Gonzalez, 545 U.S. at 531). This is because a Rule 60(b) motion based on "a purported change in the substantive law governing the claim" improperly circumvents section 2244(b)'s requirement that successive claims be "precertified by the court of appeals." Gonzalez, 545 U.S. at 531; see Johnson v. Wynder, 408 F. App'x 616, 619 (3d Cir. 2010) (citing Gonzalez, 545 U.S. at 531). Importantly, "Petitioner, like this Court, is bound by the AEDPA." Hernandez, 2015 U.S. Dist. LEXIS 93849, at *7. Therefore, "this Court lacks jurisdiction to entertain"

Petitioner's successive petition "absent authorization from the Court of Appeals." Hernandez, 2015 U.S. Dist. LEXIS 93849, at *7.

In furtherance of this conclusion, the Court notes that at least one district court from the Third Circuit has found that a petitioner's Rule 60(b) motion based on Montgomery was "a successive § 2254 petition and cannot be considered by this Court without prior authorization by the Court of Appeals." Bradley, 2016 U.S. Dist. LEXIS 84624, at *6, adopted by, 2016 U.S. Dist. LEXIS 97097. Here, like in Bradley, Petitioner is relying on Montgomery to argue that he is entitled to Rule 60(b) relief. (Doc. 15, p. 4). Thus, his Rule 60(b) motion will be considered a successive section 2255 petition, and, thus, cannot be considered by this Court without prior authorization by a Court of Appeals. Id.

However, as was the case when this Court issued its August 24, 2015 Memorandum and Order, there is no indication in the record that Petitioner has obtained an order from this Circuit, or any other, authorizing a second or successive habeas petition. As a result, this Court lacks jurisdiction to consider Petitioner's successive section 2255 petition. On that ground, Petitioner's successive petition will be dismissed.[1]

---

[1]Additionally, as noted, Petitioner cites to the Supreme Court's decision in Montgomery in support of his claim that he is entitled to relief under Rule 60(b). (Doc. 15, p. 4). "However, the Supreme Court's holding in Montgomery was that

7

## III. CONCLUSION

Based on the foregoing, Petitioner's "Independent Action to Obtain Relief

---

the Court's prior decision in Miller v. Alabama, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), that mandatory life sentences without parole for juvenile offenders announced a new substantive constitutional rule that was retroactive on state collateral review." Bradley v. Sauers, 2016 U.S. Dist. LEXIS 84624, at *2-3, adopted by, 2016 U.S. Dist. LEXIS 97097 (W.D. Pa. July 26, 2016). "In Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the Supreme Court of the United States held that it is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment to impose a mandatory life sentence without the possibility of parole on a person who was a juvenile at the time of the commission of the crime.[footnote omitted]" Lewis v. Wolfe, 2017 U.S. Dist. LEXIS 56523, at *2 (E.D. Pa. Apr. 13, 2017). "In Montgomery v. Louisiana, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), the Supreme Court applied Miller retroactively . . . ." Lewis, 2017 U.S. Dist. LEXIS 56523, at *3.

Here, Petitioner was born on November 1, 1968, and approximately 29 years old when he committed the crimes at issue in his habeas petition filed in the above-captioned action, see (Doc. 1), on December 31, 1997, and January 30, 1998, respectively. See (Id. at p. 41). Therefore, to the extent that the instant Rule 60(b) motion would not be considered a second or successive section 2255 petition, neither Montgomery nor Miller is relevant to Petitioner's case, and, thus, the motion would be denied.

Further, to the extent that Petitioner is arguing that Montgomery has rendered Alleyne retroactive, that argument also is without merit. "There was no mention of Alleyne in the Montgomery decision, nor any discussion that would call into question the Third Circuit's finding that Alleyne announced a procedural rule." Miller v. Mooney, 2016 U.S. Dist. LEXIS 175597, at *4 (E.D. Pa. Dec. 19, 2016) (citing Kale v. Collins, 2016 U.S. Dist. LEXIS 85041, at *14-15 (E.D. Pa. June 30, 2016); Brewer v. Superintendent, SCI Coal Twp., 2016 U.S. Dist. LEXIS 84623, at *24-28 (E.D. Pa. June 28, 2016), adopted by, 2016 U.S. Dist. LEXIS 107758 (E.D. Pa. Aug. 12, 2016); Commonwealth v. Washington, 142 A.3d 810, 818 (Pa. 2016)). "Montgomery does not have any bearing on the retroactive application of Alleyne on collateral review or on the retroactivity of new rules of constitutional criminal procedure in general." Perez-Colon v. O'Brien, 2016 U.S. Dist. LEXIS 138342, at *3 (N.D.W.V. Oct. 5, 2016).

from Judgment or Order Pursuant to Rule 60 of Federal Rules of Civ. P.," (Doc. 15), will be dismissed for lack of jurisdiction because it is determined that the instant motion is a successive section 2255 petition and Petitioner has not shown that he has obtained the requisite prior authorization from a Court of Appeals. Finally, based on the foregoing, it is not in the interests of justice to transfer this petition to Court of Appeals as a request to file a successive section 2255 petition.

    An appropriate Order follows.

Date: August 28, 2017                                       /s/ William J. Nealon
                                                                                        **United States District Judge**